UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CAMERON MAYFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00150-JPH-DLP |
| ) | |
| LEDFORD, *et al.* ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Cameron Mayfield, an inmate at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that he was subjected to unconstitutional conditions of confinement at that facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Mayfield sues nine correctional officials at Wabash Valley: Ledford, Cockley, Mason, Dusty Rullson, Nicholson, Christopher Holcomb, A. Adams, Drada, and Z. Adams. He alleges that Z. Adams escorted him to a cell in Disciplinary Segregation that was contaminated with feces. Mr. Mayfield contends that he spoke with all of the defendants about the condition of the cell and asked to have the cell cleaned, but they did not assist him. As a result, he spent 43 days in the contaminated cell. He brings his claims under the Eighth Amendment and Indiana state law. He seeks compensatory and punitive damages.

Based on the screening standard set forth above, Mr. Mayfield's claims **shall proceed** as submitted.

## III. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 4/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CAMERON MAYFIELD
178522
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic Service to the Following Employees of the Indiana Department of Correction at the Wabash Valley Correctional Facility

Ledford – Case Worker
Cockley – Case Worker
Mason - Classification
Dusty Rullson – Correctional Major
Nicholson – Correctional Lieutenant
Christopher Holcomb – Correctional Sergeant
A. Adams – Correctional Sergeant
Drada – Correctional Sergeant
Z. Adams – Correctional Officer