UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CAMERON MAYFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00150-JPH-DLP |
| | ) |
| LEDFORD, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion for Summary Judgment**

Plaintiff Cameron Mayfield, a former Indiana inmate, brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that when he was confined at the Wabash Valley Correctional Facility (WVCF), he was held in a cell that was contaminated with feces. Dkt. 10. The defendants move for summary judgment arguing that Mr. Mayfield failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. Mr. Mayfield responded to the motion for summary judgment[1] and the defendants have replied. For the following reasons, the motion for summary judgment is **denied**.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing

---

[1] The defendants argue that Mr. Mayfield's response is untimely, but in the Order of October 2, 2020, the Court gave Mr. Mayfield through November 6, 2020, to file a response to the motion for summary judgment. Dkt. 45.

that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II. Facts

### A. *The Grievance Process*

Mr. Mayfield was incarcerated at WVCF for the period relevant to his claims and was released on parole on July 25, 2020. Dkt. 40-1, ¶ 8.

An offender grievance program is in place at WVCF. *Id.*, ¶ 5. Pursuant to the Grievance Process, an offender must attempt to resolve his complaint informally by contacting an appropriate staff member. *Id.*, ¶ 11, Dkt. 40-2, p. 8-9. Upon completing the informal stage, the offender is next required to progress through the formal levels. Dkt. 40-1, ¶ 12. The formal grievance process includes:

> a) A formal attempt to solve a problem or concern following unsuccessful attempts at informal resolution;
>
> b) A written appeal to the Warden/designee; and
>
> c) A written appeal to the Department Grievance Manager.

Dkt. 40-1, ¶ 12; Dkt. 40-2, p. 9-13.

### B. *Mr. Mayfield's Use of the Grievance Process*

The IDOC does not have a record that Mr. Mayfield tried to informally resolve his complaints about his cell conditions. But Mr. Mayfield testifies that, between about June 13, 2019, and July 10, 2019, he filed multiple informal grievances related to his claims that he was held in a

2

cell that was contaminated with feces, but defendants did not timely respond to those grievances. Dkt. 47, p. 6, ¶ 3. The parties agree that Mr. Mayfield submitted a formal grievance on July 19, 2019. Dkt. 40-1, ¶ 26; Dkt. 40-4, p. 1-2; dkt. 47, ¶ 3. Mr. Mayfield states that in response to this grievance, a work crew cleaned his cell. Dkt. 47, p. 6-7, ¶ 4. But the grievance was returned on July 24, 2019, because Mr. Mayfield had not shown he had attempted to informally resolve the issue. Dkt. 40-4, p. 1. The Return of Grievance noted "As discussed this issue was taken care of on 7/23/19." *Id.* Mr. Mayfield attempted to file a formal appeal stating that he was unsatisfied with the failure to take pictures of the feces on the ceiling and under the desks in his cell, on August 5, 2019. Dkt. 40-4, p. 5. However, this form was returned to him on August 7, 2019, for failure to indicate attempts at informal resolution. Dkt. 40-4, p. 4- 5.

### III. Discussion

The defendants seek summary judgment arguing that that Mr. Mayfield failed to exhaust his available administrative remedies.

A. *PLRA Requirements*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file

complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

B. *Analysis*

The defendants argue that Mr. Mayfield failed to exhaust his available administrative remedies because he did not attempt to informally resolve his complaint before filing a formal grievance. They also argue that Mr. Mayfield could have, but failed to, solve this issue by attempting an informal resolution of his complaint and refiling his formal grievance.

Here, however, Mr. Mayfield has testified that he did attempt to informally resolve his complaint. Dkt. 47, ¶ 3. Further, and more importantly, after Mr. Mayfield filed his formal grievance, his cell was cleaned. There was therefore no further need for him to pursue his administrative remedies. As the Seventh Circuit has explained:

> Once a prisoner has won all the relief that is available under the institution's administrative procedures, his administrative remedies are exhausted. Prisoners are not required to file additional complaints or appeal favorable decisions in such cases. When there is no possibility of any further relief, the prisoner's duty to exhaust available remedies is complete.

*Thornton v. Snyder*, 428 F.3d 690, 695-96 (7th Cir. 2005) (quoting *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004)).

Thus, it is undisputed that Mr. Mayfield filed a formal grievance regarding his complaint that his cell was covered in feces and that, in response to that grievance, his complaint was

4

resolved. While he was directed to re-file his grievance and show that he had attempted to informally resolve his complaint, the PLRA does not require him to continue pursuing administrative remedies when he received the relief that was available. Accordingly, the defendants have failed to meet their burden to show that Mr. Mayfield failed to exhaust his available administrative remedies.

## IV. Conclusion and Rule 56(f) Notice

For the foregoing reasons, the defendants' motion for summary judgment, dkt. [40], is **denied**.

Moreover, the current record before the Court shows that Mr. Mayfield did exhaust his available administrative remedies and is therefore entitled to summary judgment on the defendants' affirmative defense of exhaustion. Therefore, **pursuant to Rule 56(f)(1), the Court gives the defendants notice of its intent to grant summary judgment in the plaintiff's favor on this issue**. The defendants have **through December 21, 2020**, in which to respond to the Court's proposal. Alternatively, the defendants may withdraw this affirmative defense by this date.

**SO ORDERED.**

Date: 12/3/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CAMERON MAYFIELD
617 South 14th Street
Terre Haute, IN 47807

All Electronically Registered Counsel