UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

CAMERON MAYFIELD,                    )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )        No. 2:20-cv-00150-JPH-DLP
                                     )
LEDFORD, et al.                      )
                                     )
                    Defendants.      )

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Cameron Mayfield alleges that when he was an inmate at Wabash Valley
Correctional Facility, he was confined in a cell that was contaminated with feces
in violation of his Eighth Amendment rights. The defendants have moved for
summary judgment. For the following reasons, the motion for summary
judgment is **GRANTED** as to Mr. Mayfield's Eighth Amendment claim, and the
Court relinquishes supplemental jurisdiction of his state law negligence claim.
Dkt. [56].

## I. Standard

Because Defendants have moved for summary judgment under Rule 56(a),
the Court views and recites the evidence "in the light most favorable to the non-
moving party and draw[s] all reasonable inferences in that party's favor." *Zerante
v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

Summary judgment shall be granted "if the movant shows that there is no
genuine dispute as to any material fact and the movant is entitled to judgment
as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the

1

Court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

Here, in response to the Defendants' motion for summary judgment, Mr. Mayfield filed a document titled, "Plaintiff Submit Evidence In Opposition To The Defendants Motion for Summary Judgment", dkt. 62, and documents identified as Exhibits A-1 through J, dkt. 61. After Mr. Mayfield filed these documents, the Court entered an order directing him to file further response to the motion for summary judgment, dkt. 63. In that order, the Court informed Mr. Mayfield that he had not properly responded to the Defendants' motion for summary judgment and that the documents he filed were not authenticated as required by Rule 901 of the Federal Rules of Evidence. *Id.* The order gave Mr. Mayfield an additional month to file additional materials. *Id.* That was on August 25, 2021, over six months ago, and Mr. Mayfield has not filed any additional materials. Accordingly, the Court treats Defendants' supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

## II. Facts

At all times relevant to the complaint, Mr. Mayfield was an inmate at Wabash Valley. On June 10, 2019, he was transferred to a restrictive housing unit where inmates are confined most of the time to their cell. Dkt. 57-1 ¶¶ 5–6.

Facility staff members clean all housing units before housing transfers. *Id.* ¶ 8. Once an inmate is transferred to the restrictive housing unit, it is the inmate's responsibility to keep his unit clean. *Id.* ¶ 9.

When Mr. Mayfield was transferred, his housing unit contained a properly functioning toilet and sink. *Id.* ¶ 10. There is no record that there were feces in Mr. Mayfield's cell until he filed a grievance on July 19, 2019. *Id.* ¶ 12; dkt. 57-3. That grievance was received by the grievance office on July 23, 2019, and returned the same day. Dkt. 57-1 ¶ 12; dkt. 57-3. Also on July 12, 2019, the cell was inspected by staff and cleaned by an inmate sanitation worker. *Id.*

## III. Analysis

### A. Eighth Amendment

Under the Eighth Amendment, "prisoners cannot be confined in inhumane conditions." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021). "[T]o prove a violation of the Eighth Amendment, a prisoner must go beyond allegations and produce evidence not only of the inhumane conditions, but also that officials were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Id.*

Here, Defendants' designated evidence is uncontested because Mr. Mayfield did not respond to Defendants' motion for summary judgment with a

Statement of Material Facts in Dispute that "identifies the potentially determinative facts and factual disputes that [he] contends demonstrate a dispute of fact precluding summary judgment." S.D. Ind. Local Rule 56.1. Indeed, Mr. Mayfield's "Evidence in Opposition To The Defendants Motion for Summary Judgment," dkt. 62, consists of generalized accusations against each named Defendant, *see, e.g.*, dkt. 62 at 1–2 ("Ashlynn Ledford had acted in a manner that is clearly outside the scope of her employee's employment by being Deliberate Indifference once Cameron Mayfield made Ashlynn Ledford aware of a biohazardous condition in cell 404 and which Ashlynn Ledford had failed to take an immediately [sic] action in having Cameron Mayfield cell thoroughly clean up. (Review Exhibit A)."). These allegations are not verified, and the documents contained in docket 61 are not authenticated. The Court brought these deficiencies to Mr. Mayfield's attention and directed him to respond with additional filings, dkt. 63, but he did not do so. The Court notes that Mr. Mayfield's complaint, dkt. 2., is also not verified.

Defendants' designated evidence establishes there is no record of feces being present in Mr. Mayfield's cell until he filed a grievance on July 19, 2019. *Id.* ¶ 12; dkt. 57-3. The designated evidence further establishes that the grievance was received by the grievance office on July 23, 2019, and on that same day the cell was cleaned and inspected. Dkt. 57-1 ¶ 12; dkt. 57-3.

On these uncontested facts, Mr. Mayfield cannot show that the conditions in his cell created an excessive risk to his health and safety. *Cf. Thomas*, 2 F.4th at 718 (explaining that excessive risk to inmate's health and safety would be

shown by evidence that inmate spent eight weeks in a cell with "feces, urine, and mold smeared on the walls, sink, and cell door; . . . there were roughly 100 dead flies on the bunk bed; and the sink emitted only cold, black, and oily water"). And to the extent the designated evidence could be construed to support a finding that the conditions in his cell created an excessive risk to his health and safety, Mr. Mayfield cannot show that Defendants were deliberately indifferent. The designated evidence shows that prison officials immediately responded to Mr. Mayfield's grievance by having his cell cleaned and inspected.  No reasonable jury could find that Defendants were deliberately indifferent to Mr. Mayfield's cell conditions.  *Id.*

Having failed to properly respond to the motion for summary judgment, Mr. Mayfield has failed to designate evidence showing a "genuine issue for trial." *Celotex*, 477 U.S. at 323. Accordingly, Mr. Mayfield has not designated admissible evidence that any Defendant was aware of a fecal contamination issue with his cell yet refused to take steps to correct such problem.[1] Defendants are therefore entitled to summary judgment on Mr. Mayfield's Eighth Amendment claim.

---

[1] The Court notes that Defendants include in their designation of evidence Mr. Mayfield's grievance which states that he had been complaining to them that his cell was contaminated. *See* dkt. 57-3. The Court considers this exhibit only for the limited purpose for which it was offered, that is, when Defendants received notice of Mr. Mayfield's complaint about feces in his cell.  *See Harden v. Marion Cnty Sheriff's Dept.*, 799 F.3d 857, 861 (7th Cir. 2015) ("Evidence that is 'used only to show notice' is not hearsay.") (quoting *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518 F.3d 459, 468 (7th Cir. 2008)).

**B. Negligence**

Mr. Mayfield asserts negligence claims under Indiana law. The Court must determine whether it is appropriate to exercise supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367. For the reasons that follow, the Court relinquishes supplemental jurisdiction over these claims and **dismisses them without prejudice**.

The Court has discretion whether to exercise supplemental jurisdiction over a plaintiff's state-law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The Seventh Circuit has made clear that "the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *see Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.") (citation and quotation marks omitted).

6

Exceptions to the general rule exist: "(1) when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008) (quoting *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)) (internal quotation marks omitted).

The relevant factors weigh in favor of the Court following the "usual practice" in the Seventh Circuit and relinquishing supplemental jurisdiction. *Groce*, 193 F.3d at 501. The Court has not expended significant resources on the pending state-law claims. To the extent the parties have during discovery, which is not apparent from the record, those efforts can be duplicated in state court with relative ease. While the defendants have briefed summary judgment on those claims, Mr. Mayfield has failed to, which leaves the Court without the adversarial testing necessary to fairly decide these claims. Finally, as always, comity favors allowing state courts to decide issues of state law.

Moreover, no exception to the usual practice of relinquishing supplemental jurisdiction over state law claims when no federal claim remains applies here. The statute of limitations will not have run on Mr. Mayfield's state-law claims, as both federal and state law toll the relevant limitations period when claims are pending in a civil action (except in limited circumstances not present here). *See* 28 U.S.C. § 1367(d); Ind. Code § 34-11-8-1; *see also Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998). Substantial resources have not been

7

expended on these claims, especially any that cannot simply be re-used in state court.

For these reasons, the Court exercises its discretion to relinquish supplemental jurisdiction over the remaining state-law claims.

### IV. Conclusion

Defendants' motion for summary judgment, dkt. [56], is **GRANTED** as to Mr. Mayfield's Eighth Amendment claims, which are **dismissed with prejudice**. The Court relinquishes supplemental jurisdiction of Mr. Mayfield's negligence claims, and those claims are **dismissed without prejudice**.

Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 3/17/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

CAMERON MAYFIELD
135 N. Miley Ave.
Indianapolis, IN 46222

All Electronically Registered Counsel